UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARGARET BECKWITH and LEE
BECKWITH,

                                 Plaintiffs,

       v.                                        09-cv-482

TIMOTHY A. CULLITON DPM, et al,

                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs commenced the instant action in state court asserting claims of medical malpractice and negligence arising out of medical treatment Plaintiff Margaret Beckwith received from Defendant Hudson Headwaters Health Network. The action was removed to this Court. The United States of America now moves to be substituted as the proper Defendant and to dismiss the action against it. Plaintiffs have not opposed the motion.

       As the Second Circuit has noted:

       In instances where a tort action is brought against a federally funded public health center (construed as an employee of the United States under the Public Health Service Act of 1944 and the Federally Supported Health Centers Assistance Act of 1995) for conduct within the scope of its federal employment, the Attorney General (or, once again, one of his designees) may certify that the health center was indeed acting as a federal employee at the time of the incident. See 28 U.S.C. § 2679(d). . . .

       Upon certification, the action may then be removed to federal court. See 28 U.S.C. § 2679(d)(2). Once such a case is removed, the United States can replace the named defendant as the allegedly liable party-and the case proceeds as a [Federal Tort Claims Act ("FTCA")] suit. See 42 U.S.C. § 233(b).

Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 81 (2d Cir. 2005).

Here, the necessary certification has been made.  Accordingly, this matter was properly removed to this Court, the United States is replaced as the proper Defendant, and the case must proceed under the FTCA.

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived." Celestine, 403 F.3d at 82.  "This requirement extends to all suits, including those begun in state court." Id.  Because there is no evidence before the Court that Plaintiffs timely filed an administrative claim, the Court lacks jurisdiction over this action.

For the foregoing reasons, the Government's motion is GRANTED IN ITS ENTIRETY.  The United States is substituted as the proper defendant and the action is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated: June 30, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge